

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KENNETH MEEKS,

    Petitioner,

v.                                                                        Civil Action No. **3:18CV815**

MARK BOLSTER,

    Respondent.

## REPORT AND RECOMMENDATION

Kenneth Meeks, a federal inmate proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1). In Meeks's § 2241 Petition, he raises the following claims for relief:[1]

    Claim One:    The Federal Bureau of Prisons' ("BOP") "execution and imposition of 18 U.S.C. § 3621(e)[[2]] is improper" because (a) the BOP's regulations violate the Administrative Procedure Act ("APA"), (§ 2241 Pet. 6; Mem. Supp. § 2241 Pet. 10–15, ECF No. 1-1); and, (b) § 3621 improperly delegates authority to the BOP to determine inmates' eligibility for early release. (Mem. Supp. § 2241 Pet. 3–5.)

    Claim Two:    The BOP "violated equal protection laws because . . . Meeks was denied [early release] based on the same nonviolent conduct as those similarly situated." (Mem. Supp. § 2241 Pet. 1–2, 8–10, 15.)

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system to the parties' submissions. The Court corrects the capitalization, punctuation, and spelling in the quotations from Meeks's submissions.

[2] As relevant here, 18 U.S.C. § 3621(e)(2)(B) provides: "The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a [substance abuse] treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B).

Respondent filed a Motion to Dismiss, or in the Alternative, a Motion for Summary Judgment ("Motion for Summary Judgment," ECF No. 13),[3] asserting, *inter alia*, that Meeks's claims lack merit.[4] Meeks has responded. (ECF No. 18.) For the reasons set forth below, it is RECOMMENDED that the Motion for Summary Judgment be GRANTED and the § 2241 Petition be DENIED because Meeks's claims are without merit.

### A. Summary Judgment Standard

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the Court of the basis for the motion and to identify the parts of the record that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific

---

[3] Because the Court relies upon the exhibits submitted by the parties, the Court will determine whether summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure, and declines to consider Respondent's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). As such, it is RECOMMENDED that Respondent's Motion to Dismiss (ECF No. 12) be DISMISSED AS MOOT.

[4] Respondent also argues that dismissal of Meeks's § 2241 Petition is warranted because "18 U.S.C. § 3625 precludes judicial review under the APA of the BOP's discretionary and individualized 18 U.S.C. § 3621(e) early release determinations." (Mem. Supp. Mot. Summ. J. 2, ECF No. 14.) To the extent that Meeks challenges the BOP's individual decision to deny him a discretionary sentence reduction, the BOP's individual decision as to Meeks "is not reviewable by this Court." *Savage v. Wilson*, No. 2:13CV578, 2014 WL 1902709, at *4 (E.D. Va. May 8, 2014) (citations omitted).

facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, the Court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, a mere scintilla of evidence will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (citing *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448 (1872)). "[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed." *Id.* (quoting *Munson*, 81 U.S. at 448). Additionally, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915, 915 n.7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . .").

In support of his Motion for Summary Judgment, Respondent submits: (1) the declaration of Paul Irby ("Irby Decl.," ECF No. 14–1); (2) a copy of the Judgment in Meeks's criminal case (ECF No. 14–2); (3) a copy of Meeks's Request for § 3621(e) Offense Review form, dated December 1, 2017 (ECF No. 14–3); and, (4) a copy of BOP Program Statement 5162.05, dated March 16, 2009 (ECF No. 14–4).

Meeks signed his § 2241 Petition under penalty of perjury. (§ 2241 Pet. 9.) Meeks also submitted exhibits with his § 2241 Petition. (ECF Nos. 1–2 to 1–4.) The Court will consider these submissions in determining the propriety of the Motion for Summary Judgment. *See* Fed. R. Civ.

P. 56(c). Additionally, Meeks submitted a Response in Opposition, responding to Respondent's motion, and the Court will consider Meeks's arguments in support of his position. (ECF No. 18.)

In light of the foregoing principles and submissions, the following facts are established for purposes of the Motion for Summary Judgment. The Court draws all permissible inferences in favor of Meeks.

**B.     Summary of Pertinent Facts**

Meeks initiated the instant § 2241 Petition while incarcerated at FCC Petersburg (§ 2241 Pet. 1), where he is

> serving a 67-month sentence imposed by the United States District Court for the Eastern District of Virginia for Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or More of Cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B), and Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

(Irby Decl. ¶ 2.)

The Drug Abuse Program Coordinator ("DAPC") at FCC Petersburg requested that Meeks receive an offense review pursuant to 18 U.S.C. § 3621(e) to determine whether Meeks was eligible for early release should he successfully complete the BOP's Residential Drug Abuse Program ("RDAP"). (ECF No. 14-3, at 2–3.) To complete the offense review, Meeks's offense records were submitted to the BOP's Designation and Sentence Computation Center ("DSCC"). (*Id.* at 2.) Pursuant to BOP policy, DSCC staff concluded that, upon completion of RDAP, Meeks would not qualify for early release under under 18 U.S.C. § 3621(e). (*Id.* at 3.) Specifically, DSCC staff determined that Meeks would be precluded from early release because, in light of the two-point sentencing enhancement for possession of a firearm "in connection with another felony offense – Conspiracy to Distribute Cocaine," Pre-Sentence Investigative Report ¶ 33, *United States v. Meeks*, No. 2:15CR148 (E.D. Va. Oct. 13, 2016), ECF No. 42, his convictions for Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or More of Cocaine

4

and/or Felon in Possession of a Firearm, (i) "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives," (ii) "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another," and (iii) "is an attempt, conspiracy, or other offense which involved an underlying offense to commit any precluding offense." (ECF No. 14–3, at 2 (citing 28 C.F.R. § 550.55(b)(5)(ii)–(iii), (6)).)

> DSCC staff explained:
>
> Conspiracy to Distribute and Possess with Intent to Distribute Cocaine (Ct 1: 21 USC §§ 841 & 846): The court adopted a 2–level enhancement for firearm possession; the enhancement is precluding pursuant to regulations cited above, in addition to PS [Program Statement] 5162.05, sections 4.b and 4.d. Felon in Possession of a Firearm (Ct 2: 18 USC §§ 922(g)(1) & 924(a)(2)) is precluding pursuant to regulations cited above, in addition to PS 5162.05, sections 4.d and 4.e. Reviewed under current version of 28 CFR § 550.55(b), implemented on 5/26/2016.

(*Id.*) Meeks then appealed the BOP's determination that he was ineligible for early release and exhausted his administrative remedies on the subject. (*See* § 2241 Pet. 2; *see also* ECF No. 1–4, at 2–13.)

On November 19, 2018, the Court received the instant § 2241 Petition. (§ 2241 Pet. 1.) As relief, Meeks requests that the Court "[f]ind that the prison's imposition and execution of 18 U.S.C. § 3621(e) was improper and . . . find that [he] qualif[ies] for consideration of a sentence reduction for [his] participation in RDAP and that [his] offense conduct does not preclude [him] from being considered for a reduction." (*Id.* at 8.)

C.  **Analysis**

Title 18 U.S.C. § 3621(e)(2)(B) provides that federal prisoners convicted of nonviolent offenses who remain in custody after the completion of treatment in RDAP may receive a reduction in their sentences of up to one year. 18 U.S.C. § 3621(e)(2)(B). Meeks argues (i) that the BOP's "execution and imposition of 18 U.S.C. § 3621(e) is improper" because the BOP's regulations

5

violate the APA (Claim One (a)), and § 3621 improperly delegates authority to the BOP (Claim One (b)); and, (ii) that the BOP "violated equal protection laws because Mr. Meeks was denied based on the same nonviolent conduct as those similarly situated" (Claim Two). (§ 2241 Pet. 6; Mem. Supp. § 2241 Pet. 1–15.) Respondent argues, *inter alia*, that dismissal of Meeks's § 2241 Petition is warranted because his claims lack merit. The Court addresses each of Meeks's claims in turn.

1. **Claim One (a)**

In Claim One (a), Meeks contends that the BOP's regulations implementing § 3621 violate the APA. (Mem. Supp. § 2241 Pet. 5–8, 10–15.) To provide context for Meeks's claim, the Court briefly discusses general administrative law principles.

   a. **Judicial Review of an Agency's Interpretation of its Statutory Grant of Power and the Manner in which an Agency Exercises Power Granted by Statute**

"Administrative agencies such as the BOP exist because 'in our increasingly complex society, replete with ever changing and more technical problems, Congress simply cannot do its job absent an ability to delegate power under broad general directives.'" *Townes v. Stansberry*, No. 3:08CV526, 2009 WL 3175380, at *3 (E.D. Va. Sept. 30, 2009) (quoting *Mistretta v. United States*, 488 U.S. 361, 372 (1989)). In reviewing agency-created policy,

> Courts initially should determine whether Congress granted to the agency the necessary discretion. Courts must first examine the statute to decide "whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." If Congress has left the matter to the agency's discretion by enacting a statute that "is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute."

*Id.* (internal citation omitted) (quoting *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842–43 (1984)). If the agency's interpretation "'fills a gap or defines a term in a

way that is reasonable in light of the legislature's revealed design,'" such interpretation "is entitled to deference." *Id.* (quoting *NationsBank of N.C., N.A. v. Variable Annuity Life Ins., Co.*, 513 U.S. 251, 257 (1995)).

With respect to judicial review of the manner in which an agency exercises power granted by statute, "[a]n agency with discretion to issue a particular regulation may nevertheless violate the APA because of the manner in which [the regulation] was promulgated." *Id.* at *4 (citing 5 U.S.C. § 500 *et seq.*). In conducting such a review, "[t]he APA requires courts to set aside rules that are 'arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Id.* (quoting 5 U.S.C. § 706(2)(A)). Such a review is "narrow" and "[requires] that an agency 'examine the relevant data and articulate a satisfactory explanation for its action.'" *Id.* (alteration in original) (quoting *FCC v. Fox Television Stations, Inc.*, 509 U.S. 502, 513 (2009)). Specifically, the agency's explanation must show "a 'rational connection between the facts found and the choice made.'" *Id.* (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). "If the agency has exercised its reasoned judgment, a reviewing 'court is not to substitute its judgment for that of the agency.'" *Id.* (citation omitted).

b.  **Merits of Claim One (a)**

In Claim One (a), Meeks argues that the BOP's regulations violate the APA because "the BOP abused its discretion by exceeding its statutory authority in construing 18 U.S.C. § 3621(e)," and "the BOP's interpretation and execution of [§ 3621(e)] is unconstitutionally vague [in that] it gives the BOP unfettered latitude to categorize criminal conduct, which is arbitrary and capricious." (Mem. Supp. § 2241 Pet. 1; *see id.* at 5–8, 10–15.)

In support of his argument, Meeks relies on, in part, the decision of the United States Court of Appeals for the Ninth Circuit in *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008). (*See id.*

7

at 7.) As an initial matter, the Ninth Circuit's *Arrington* decision does not control the outcome in the present case because Meeks was not sentenced nor incarcerated in a district within the Ninth Circuit. *See Whitaker v. Stansberry*, No. 3:08CV662, 2009 WL 3762320, at *3 (E.D. Va. Nov. 9, 2009) ("[A] federal court of appeals's decision is only binding within its circuit." (alteration in original) (quoting *Va. Soc'y Human Life, Inc. v. Fed. Election Comm'n*, 263 F.3d 379, 393–94 (4th Cir. 2001))); (*see* § 2241 Pet. 1.) Further, in *Arrington*, "the Ninth Circuit concluded that the BOP failed to explain adequately the purpose for issuing its new rule categorically excluding persons convicted of firearms charges from eligibility for early release, rendering the rule arbitrary and capricious under the APA." *Whitaker*, 2009 WL 3762320, at *4 (citing *Arrington*, 516 F.3d at 1116). However, after the *Arrington* decision, the BOP "promulgated a substantively identical rule," which is found at 28 C.F.R. § 550.55,[5] and the BOP invoked public safety as the rationale for issuing the new rule. *Id.* (citation omitted). Specifically, the rule included the following statement of purpose:

> There is a significant potential for violence from criminals who carry, possess or use firearms. As the Supreme Court noted in *Lopez v. Davis*, "denial of early release to all inmates who possessed a firearm in connection with their current offense rationally reflects the view that such inmates displayed a readiness to endanger another's life." [531 U.S. 230, 240 (2001)]. The Bureau adopts this reasoning. The Bureau recognizes that there is a significant potential for violence from criminals who carry, possess or use firearms while engaged in felonious

---

[5] As is relevant to Meeks's claim, 28 C.F.R. § 550.55 provides that certain inmates are ineligible for early release, including those who have a current felony conviction for:

> (ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives . . . ; [or,]
> (iii) An offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another[.]

28 C.F.R. § 550.55(b)(5)(ii)–(iii) (2016). The rule also provides that inmates are ineligible for early release if the inmates "have been convicted of an attempt, conspiracy, or solicitation to commit an underlying offense listed in paragraph (b)(4) and/or (b)(5) of this section." *Id.* § 550.55(b)(6).

8

> activity. Thus, in the interest of public safety, these inmates should not be released months in advance of completing their sentences.
>
> . . . . [T]he specified elements of these offenses pose a significant threat of dangerousness or violent behavior to the public. This threat presents a potential safety risk to the public if inmates who have demonstrated such behavior are released to the community prematurely. Also, early release would undermine the seriousness of these offenses as reflected by the length of the sentence which the court deemed appropriate to impose.

*Id.* (alterations in original) (quoting 74 Fed. Reg. 1892–01, 1895 (Jan. 14, 2009)).

Meeks argues that the BOP's statutory interpretation of 18 U.S.C. § 3621(e)(2)(B), which includes the rule set forth in 28 U.S.C. § 550.55, violates the APA. (*See* Mem. Supp. § 2241 Pet. 5–8, 10–15.) Meeks's § 2241 Petition does not present a novel claim. Courts in this district have found that "[t]his rule and its explanatory statement clearly satisfied the BOP's obligation to provide a 'rational connection between the facts found and the choice made.'" *Savage*, 2014 WL 1902709, at *5 (citing *Lopez*, 531 U.S. at 240); *see Horton v. Wilson*, No. 2:17CV177, 2017 WL 6063080, at *3 (E.D. Va. Nov. 8, 2017), report and recommendation adopted by 2017 WL 6030463 (E.D. Va. Dec. 5, 2017); *Goodwin v. Wilson*, No. 1:17CV269 (AJT/JFA), 2017 WL 2837138, at *2 (E.D. Va. June 30, 2017). Specifically, courts in this district have found that "[p]ublic safety is clearly affected by the significant potential for violence resulting from armed offenders," and "[a]s a result, neither promulgation of the rule, nor applying it to exclude [an inmate] from the discretionary sentence reduction, violate the APA." *Savage*, 2014 WL 1902709, at *5 (citing *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43); *see Horton*, 2017 WL 6063080, at *3 (citation omitted), report and recommendation adopted by 2017 WL 6030463.

Therefore, with respect to the BOP's determination regarding Meeks's eligibility for early release pursuant to 18 U.S.C. § 3621(e)(2)(B), which was based on the rule set forth in 28 C.F.R. § 550.55, the BOP appropriately exercised its discretionary authority to determine that Meeks was ineligible for early release. Specifically, pursuant to BOP policy, Meeks was precluded from early

release because of, *inter alia*, his two-level sentencing enhancement for possession of a firearm in connection with the offense of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and his conviction for Felon in Possession of a Firearm in violation of in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[6] *See* 28 C.F.R. § 550.55(b)(5)(ii)–(iii), (6); *see also* BOP Program Statement 5162.05 (2009).

Meeks also argues that "the BOP has violated the APA given the recent . . . jurisprudence in the wake of the Supreme Court's decision in *Johnson* [*v. United States*, 135 S. Ct. 2551 (2015)]" and *United States v. Davis*, 139 S. Ct. 2319 (2019). (Mem. Supp. § 2241 Pet. 13–14; *see* Resp. 10–11.) Although not specifically articulated by Meeks, it appears that Meeks seeks to extend *Johnson* to invalidate 28 C.F.R. § 550.55(b)(5)(iii),[7] arguing that the language of this regulation is largely similar to the term "violent felony," as set forth in the residual clause that was invalidated by *Johnson*. (Mem. Supp. § 2241 Pet. 13–14.) Meeks's argument is misplaced. In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563.[8] In *Davis*, the Supreme Court invalidated the Residual Clause of 18 U.S.C.

---

[6] As relevant to Meeks's conviction for Felon in Possession of a Firearm, pursuant to BOP Program Statement 5162.05 § 4(e), "[a]ll offenses under 18 U.S.C. § 922(g) shall preclude an inmate from receiving certain Bureau program benefits." BOP Program Statement 5162.05 § 4(e) (2009).

[7] 28 C.F.R. § 550.55(b)(5)(iii) provides that inmates are not eligible for early release if the inmates "have a current felony conviction for: . . . [a]n offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another[.]" 28 C.F.R. § 550.55(b)(5)(iii).

[8] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed

10

§ 924(c).[9] *Davis*, 139 S. Ct. at 2336 (holding that "§ 924(c)(3)(B) is unconstitutionally vague"). At this time, the Supreme Court has not decided that either *Johnson* or *Davis* invalidate all statutes or regulations that use language that is similar to the language used in the ACCA's residual clause or the residual clause in § 924(c). As such, *Johnson* and *Davis* are "irrelevant to the BOP's authority to deny inmates with a two-point weapons enhancement the one-year sentence reduction upon successful completion of RDAP." *Davis v. Wilson*, No. 3:17CV04, 2017 WL 6046129, at *3 n.6 (E.D. Va. Dec. 6, 2017).

Moreover, Meeks's preclusion from early release under 18 U.S.C. § 3621(e) was based on BOP policy, including the rule in 28 C.F.R. § 550.55, and was not based on a sentence enhancement under the ACCA or a § 924(c) conviction. Specifically, in conducting the offense review pursuant to 18 U.S.C. § 3621(e), DSCC staff concluded, *inter alia*, that Meeks was precluded from early release because (i) he received a two-point sentencing enhancement for possession of a firearm in connection with the offense of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, (ii) he was convicted of Felon in Possession of a Firearm in

---

    on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the residual clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)).

[9] As relevant here, prior to *Davis*, the United States could demonstrate that an underlying offense constituted a crime of violence if it established that the offense is a felony and satisfied one of two requirements. Namely, the statute defined a crime of violence as any felony:

    **(A)** [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
    **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "residual clause")].

18 U.S.C. § 924(c)(3).

11

violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), (iii) his offenses of conviction "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives," and (iv) his offense of conviction "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another." (ECF No. 14–3, at 2.) Pursuant to BOP policy, any of the above-listed factors would preclude Meeks from receiving early release under 18 U.S.C. § 3621(e). As such, even if the above-listed fourth factor, which Meeks contends is similar to the invalidated language in the ACCA's residual clause and in the residual clause in § 924(c), was not used as a basis for preclusion from early release under § 3621(e), Meeks would still be precluded from early release.

Meeks next invokes the rule of lenity, arguing that "the Court should exercise judicial restraint by holding that 18 U.S.C. § 3621(e)(2)(B)'s ambiguity coupled with the rule of lenity tips in favor of [Meeks], thereby allowing Congress the opportunity to provide guidance in executing § 3621(e)(2)(B)." (Mem. Supp. § 2241 Pet. 12.) The rule of lenity "applies only when, after consulting traditional canons of statutory construction, [courts] are left with an ambiguous statute." *United States v. Shabani*, 513 U.S. 10, 17 (1994) (citations omitted). Specifically, "[t]he rule of lenity holds that 'where there is an ambiguity in a criminal statute, doubts are resolved in favor of the defendant.'" *Walther v. Bauknecht*, 155 F. App'x 463, 466 (11th Cir. 2005) (quoting *United States v. Bass*, 404 U.S. 336, 348 (1971)).

Here, "[e]ven assuming that 18 U.S.C. § 3621(e)(2)(B) is a criminal statute, Congress has vested the BOP with express discretion in the application and administration of this statute." *Id.* (citation omitted); *see Lopez*, 531 U.S. at 244 n.7 (concluding that because "[§ 3621] cannot be read to prohibit the [BOP] from exercising its discretion categorically or on the basis of preconviction conduct, [the petitioner's] reliance on the rule [of lenity] [was] unavailing" (citing

12

*Caron v. United States*, 524 U.S. 308, 316 (1998))); *Heathman v. Grondolsky*, No. 08–5804, 2009 WL 2602000, at *5 (D.N.J. Aug. 21, 2009) ("Based on *Lopez*, this Court rejects Petitioner's contention that the regulation categorically excluding felons who possessed a firearm from eligibility for the early release incentive is inconsistent with Congressional intent underlying 18 U.S.C. § 3621(e)(2)(B) and the rule of lenity.").

Accordingly, for the reasons set forth above, Claim One (a) lacks merit. The Court finds that neither the promulgation of the BOP's rules nor applying the rules to exclude Meeks from early release pursuant to 18 U.S.C. § 3621(e)(2)(B) violate the APA. Therefore, it is RECOMMENDED that Claim One (a) be DISMISSED.

### 2. Claim One (b)

In Claim One (b), Meeks argues that § 3621 improperly delegates authority to the BOP to determine inmates' eligibility for early release in violation of "the non-delegation doctrine." (Mem. Supp. § 2241 Pet. 4; *see id.* at 3, 5.) Specifically, Meeks argues that § 3621 "violates the non-delegation doctrine because Congress 'provided literally no guidance for the exercise of discretion,' in what constitutes its definition of 'nonviolent offense,'" and "Congress' lack of guidance in defining what a 'nonviolent offense' is . . . violates the non-delegation doctrine by allowing the BOP to instead define a nonviolent offense." (*Id.* at 4–5 (internal citation omitted).)

"The non-delegation doctrine holds that 'Congress may not constitutionally delegate its legislative power to another branch of Government.'" *Mohamed v. Holder*, 266 F. Supp. 3d 868, 883 (E.D. Va. 2017) (quoting *Touby v. United States*, 500 U.S. 160, 165 (1991)). However, "Congress's delegation of authority to another branch of government does not offend the non-delegation doctrine as long as Congress has delineated an 'intelligible principle' guiding the exercise of that authority." *United States v. Sampsell*, 541 F. App'x 258, 259 (4th Cir. 2013)

13

(quoting *J.W. Hampton, Jr., & Co. v. United States*, 276 U.S. 394, 409 (1928)). Further, "[e]ven a general legislative directive is a constitutionally sufficient 'intelligible principle' so long as Congress 'clearly delineates the general policy, the public agency which is to apply it, and the boundaries of this delegated authority.'" *Id.* (quoting *Mistretta*, 488 U.S. at 372–73).

As Meeks concedes, the "Supreme Court has only twice sustained a non-delegation challenge." (Mem. Supp. § 2241 Pet. 3.) "[I]n each case [the Supreme Court found the delegation excessive] because 'Congress had failed to articulate *any* policy or standard' to confine discretion."[10] *Gundy v. United States*, 139 S. Ct. 2116, 2129 (2019) (citations omitted). Such is not the case with respect to the statute at issue in this case because Congress did not fail to articulate "*any* policy or standard." *Id.* (citations omitted); *see* 18 U.S.C. § 3621(e).

Further, Meeks's characterization of his challenge as based on the non-delegation doctrine does not alter the Supreme Court's conclusion in *Lopez*. Specifically, in *Lopez*, the Supreme Court upheld regulations implemented by the BOP pursuant to 18 U.S.C. § 3621(e) as "a permissible exercise of the Bureau's discretion under 18 U.S.C. § 3621(e)(2)(B)," *Lopez*, 531 U.S. at 232–33, 244–45, in which Congress delegated authority to the BOP to provide an "[i]ncentive for prisoners' successful completion of [substance abuse] treatment." 18 U.S.C. § 3621(e)(2). Accordingly, for these reasons, Claim One (b) lacks merit. Therefore, it is RECOMMENDED that Claim One (b) be DISMISSED.

### 3. Claim Two

In Claim Two, Meeks argues that the BOP "violated equal protection laws because Mr. Meeks was denied [early release] based on the same nonviolent conduct as those similarly

---

[10] The two cases in which the Supreme Court found the delegation to be excessive were *A.L.A. Schechter Poultry Corp. v. United States*, 295 U.S. 495 (1935), and *Panama Refining Co. v. Ryan*, 293 U.S. 388 (1935).

14

situated." (Mem. Supp. § 2241 Pet. 1–2, 8–10, 15.) Meeks contends that "[t]he similarly situated inquiry in the case at hand focuses on whether Mr. Meeks's offense conduct [and others like him] are similarly situated to another group [those with § 922(j) offenses]."[11] (*Id.* at 9 (second and third alternations in original).) Meeks argues that "inmates convicted of 18 U.S.C. § 922(j) do qualify, and have qualified, for early release consideration under 18 U.S.C. § 3621(e)(2)(B)," and "[i]ndeed, inmates convicted of a § 922(j) criminal offense carried and possessed a firearm." (*Id.*)

The Equal Protection Clause of the Fourteenth Amendment commands that similarly situated persons be treated alike. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001).

Meeks argues that prisoners convicted under § 922(j) for Receipt and Possession of a Stolen Firearm or Stolen Ammunition are similarly situated to those, like himself, who were convicted under § 922(g)(1) for Felon in Possession of a Firearm. (*See* Mem. Supp. § 2241 Pet. 9.) However, Meeks's argument is misplaced. Convictions under § 922(j) and § 922(g)(1) are convictions for two different crimes. "Although the underlying circumstances of the convictions of [an inmate under § 922(g)(1)] and [an inmate under § 922(j)] may be similar, that is not the

---

[11] Pursuant to 18 U.S.C. § 922(j):

> It shall be unlawful for any person to receive, possess, conceal, store, barter, sell, or dispose of any stolen firearm or stolen ammunition, or pledge or accept as security for a loan any stolen firearm or stolen ammunition, which is moving as, which is a part of, which constitutes, or which has been shipped or transported in, interstate or foreign commerce, either before or after it was stolen, knowing or having reasonable cause to believe that the firearm or ammunition was stolen.

18 U.S.C. § 922(j).

metric by which the BOP determines which inmates are eligible or ineligible for the early release under 18 U.S.C. § 3621(e)." *Lawrence v. Wilson*, No. 2:18–cv–63, 2018 WL 7078675, at *4 (E.D. Va. Nov. 15, 2018), report and recommendation adopted by 2019 WL 267718 (E.D. Va. Jan. 17, 2019); *see Horton*, 2017 WL 6063080, at *4. Instead, "the BOP looks at the conviction itself to determine eligibility." *Lawrence*, 2018 WL 7078675, at *4 (citation omitted). Here, Meeks fails to identify any similarly situated prisoner with the *same convictions* who was treated differently with regard to RDAP early release.

Because Meeks fails to demonstrate that he is similarly situated to other prisoners with the same convictions who were treated differently with regard to RDAP early release, this alone forecloses Meeks's equal protection claim. Therefore, it is RECOMMENDED that Claim Two be DISMISSED.

**D.    Outstanding Motion**

On July 12, 2019, Meeks filed a "Motion to Order Respondent to Serve Petitioner With Its Response" ("Motion to Serve," ECF No. 16). In Meeks's motion, he indicates that his address has changed, and he requests that "the Court order the Respondent to reissue its responsive pleading and allow Mr. Meeks adequate time to file a reply." (*Id.* at 2.) Shortly thereafter, on July 15, 2019, Respondent filed a Notice of Service of Filing to Petitioner, indicating that "Respondent has today served Petitioner, by U.S. Mail . . . with this Notice and with Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus or, in the Alternative, for Summary Judgment." (ECF No. 17, at 1.) Meeks then filed his Response in Opposition to Respondent's motion. (ECF No. 18.) Because Respondent served a copy of his motions on Meeks, it is RECOMMENDED that Meeks's Motion to Serve (ECF No. 16) be DISMISSED AS MOOT.

### E. Conclusion

Accordingly, it is RECOMMENDED that the Motion for Summary Judgment (ECF No. 13) be GRANTED, the Motion to Dismiss (ECF No. 12) be DISMISSED AS MOOT, Meeks's Motion to Serve (ECF No. 16) be DISMISSED AS MOOT, Meeks's claims be DISMISSED, and the § 2241 Petition (ECF No. 1) be DENIED.

Meeks is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. *See* Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims, and it may also preclude further review or appeal from such judgment. *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of this Report and Recommendation to Meeks and counsel for Respondent.

It is so ORDERED.

/s/ _____
Roderick C. Young
United States Magistrate Judge

Date: January 24, 2020
Richmond, Virginia